Dennis Michael Bohmier
346 Jr. Long Road
Lancaster KY 40444
859-339-5907

Eastern District of Kentucky
**F I L E D**

JUN 1 0 2014

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

Dennis Michael Bohmier
    Plaintiff

CASE NO. 5:14-CV-226-KKC

UNITED STATES OF AMERICA
    Defendant

### COMPLAINT FOR MONEY DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, Dennis Michael Bohmier (Plaintiff) for his Complaint against the Defendant

United States of America states as follows:

### INTRODUCTION

1.    This is an action against the United States of America under the Federal Tort Claims Act,

(28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence, medical malpractice and

breach of contract in connection with medical care provided to Plaintiff by the Department of

Veterans Affairs at the Wilmington Veterans Affairs Medical Center.

2.    The claims herein are brought against the Defendant pursuant to the Federal Tort Claims

Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation

for personal injuries caused by the Defendant's negligence, medical malpractice and breach of

contract.

3.    Plaintiff has fully complied with the provisions of U.S.C. §2675 of the Federal Tort

Claims Act. *Standard Form 95 is attached hereto and incorporated herein as* Exhibit 1.

1

4.     This suit has been timely filed, in that Plaintiff timely served notice of Plaintiff's claim on the Department of Veterans Affairs less than two years after the incident forming the basis of this suit.

5.     Plaintiff is now filing this Complaint pursuant to (28 U.S.C. §2401(b) after receiving the Department of Veterans Affairs' Regional Counsel's June 15, 2012 denial of Plaintiff's administrative tort claim *Administrative Tort Claim Denial letter is attached hereto and incorporated herein as* Exhibit 2 and Department of Veterans Affairs' General Counsel's December 12, 2013 "notice of final denial" of Plaintiff's request for reconsideration of administrative tort claim. *Administrative Tort Claim Request for Reconsideration Denial letter is attached hereto and incorporated herein as* Exhibit 3.

## PARTIES, JUTISDICTION AND VENUE

6.     Plaintiff, at all times relevant hereto was a resident of Chester County, Pennsylvania and is now a resident of Garrard County, Kentucky.

7.     Defendant United States of America through its agency the Department of Veterans Affairs operates the Veterans Affairs Medical Center located at Wilmington, Delaware.

8.     Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, and staff at the Wilmington VA Medical Center are hereinafter collectively referred to as "Wilmington VA Medical Center."

9.     At all times relevant to this Complaint, the Wilmington VA Medical Center held themselves out to Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like Plaintiff.

10.     At all times relevant to this Complaint, the directors, officers, operators, administrators,

2

employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

11.    Furthermore, the Defendant is responsible for the negligent acts, medical malpractice and breach of contract of its employees and agents under *respondeat superior*.

12.    Jan 4, 2010@3:54 PM Plaintiff called Kay Jamison the Patient Care Advocate @302-633-5556, whom confirmed that a tort claim may be filed against Tim Eden CRNP because he and all other physicians who work at the Wilmington VA Medical Center are U.S. Government employees.

13.    Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

14.    Venue is proper under 28 U.S.C. §1402(b) in that all or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Delaware.

## FACTUAL ALLEGATIONS.

15.    May 1, 2003@13:11.   Plaintiff became an outpatient of SUSAN M. KEITH, MD PHYSICIAN (Progressive Notes printed 10/01/09 Page 108)

16.    Sep 25, 2003@15:18.   PCP Susan Keith documented "cc: low back pain" "Back: exam limited due to pt discomfort; did not ask him to lie down since he can only lie in a certain position" (Progressive Notes printed 10/01/09 Pages 85-86)

17.    Apr 22, 2008@13:38.   Plaintiff became an outpatient of TIMOTHY J EDEN, CRNP CERTIFIED REGISTERED NURSE PRACTITIONER. (Progressive Notes printed 10/01/09 Page 61)

18.    June 3, 2008@13:08.   PCP Tim Eden documented "sciatica pain" "Active problems 1. Chronic Low Back Pain 04/22/08" (Progressive Notes printed 10/01/09 Page 52-53)

19.    June 3, 2008@13:28.   Plaintiff entered into and signed a Pain Management Agreement

3

with TIMOTHY J EDEN, CRNP CERTIFIED REGISTERED NURSE PRACTITIONER.

(Progressive Notes printed 10/01/09 Page 49)  This is a continuous working agreement with no termination date. *Pain Management Agreement is attached hereto and incorporated herein as Exhibit 4.*

20.     FD:06/03/2008 RX:9165982 OXYCODONE 5/APAP 325MG TABLET DAYS:30 QTY:60

21.     On Jun 10, 2009@15:30,  TIMOTHY J EDEN, CRNP wrote "... vet needs to sign new opiod contract" in Plaintiff's Progressive Notes but Plaintiff was not informed of this entry.

22.     On Aug 12, 2009@16:17, TIMOTHY J EDEN, CRNP wrote "...opiod contract expired" in Plaintiff's Progressive Notes but Plaintiff was not informed of this entry.

23.     On Sep 14, 2009 1:00 PM Plaintiff called the Wilmington VAMC to request PCP to authorize the pharmacy to refill and mail the monthly prescription of pain medication to Plaintiff. With no explanation TIMOTHY J EDEN, CRNP simply ignored Plaintiff and did not authorize the refill.

24.     Sep circa22, 2009 Plaintiff called the Wilmington VAMC to find out why the pain medication had not been delivered to Plaintiff at which time Plaintiff spoke with the same operator who remembered Plaintiff from the Sep 14, 2009 call in. The operator said she would forward the message to Tim Eden and mark it as urgent. Again, no contact from Tim Eden and Plaintiff's pain medication continued to be interrupted and was not delivered to Plaintiff.

25.     Sep 25, 2009 Plaintiff called in to the PC unit to report that Plaintiff's pain medication still was not received and leave a message for Tim Eden and someone there said they would check into it. No one returned a call to Plaintiff.

4

26.     Sep 28, 2009 circa 1:30 PM Nurse Lee Hayward called Plaintiff on the phone. Plaintiff was informed that Plaintiff was at fault for missing a PCP appt, not having labs done, and not signing a new opioid contract. Plaintiff explained that the appt had been rescheduled, that there was no notice to Plaintiff of any labs required other than those routinely with PCP appt, that the opioid contract has no expiration date and has not expired, and that Plaintiff was never given notice that it had to be resigned in a year as she stated. Plaintiff requested Lee Hayward to get the matter straightened out and restore the pain medication which had been wrongfully interrupted by Tim Eden two weeks earlier.

27.     Sep 28, 2009 circa 3:01 PM Nurse Lee Hayward called Plaintiff on phone, again. She continued to defend Tim Eden for not ordering the pain medication prescription. Plaintiff told her it was two weeks since the first request was called in for refill, that Plaintiff was not given notice that the pain medication had been interrupted for any reason, and the opiod contract is a continuous working agreement with no termination date, it has not expired, it continues to be in full force and effect, that Tim Eden had breached the agreement by not notifying Plaintiff immediately of any issues by phone or in writing, by interrupting the pain medication, and by not prescribing a taper dose of medication in accord with the terms of the contract. Plaintiff told Lee Hayward to give notice to Tim Eden that he breached the agreement, that Plaintiff demanded an immediate order be transmitted to the pharmacy to fill the prescription for Plaintiff and for Lee Hayward to call Plaintiff back today to confirm the prescription was processed.

28.     Lee Hayward did not call back but instead made a ten minute entry in the Progressive Notes.

29.     Sep 28, 2009@15:05 "Returned the telephone call of Mr. Plaintiff regarding his request

5

for a renewal of oxycodone. Pt was informed of the following per T. Eden, 's message,

"No more refils until vet has appt with PCP as no UDA since 6.08 and opiod contract expired".

(see note of 8/12/09) Mr. Plaintiff declined the opportunity to come in to obtain

pending labs 9/16/09 and sign a new opiod contract. He wants labs and a primary care visit on

the same day. He cancelled his 9/16/09 appt and rescheduled for 10/15/09 and wants to obtain

labs on 10/15 and sign the new contract also on 10/15; however he insists on receiving the the

oxycodone now. C LEE HAYWARD RN     (Progressive Notes printed 10/01/09 Page 4) also

(Progressive Notes printed 10/07/09 Page 5)

30.    Sep 29, 2009 Still no call back from Nurse Lee Hayward.

31.    Oct 1, 2009 two neighbor associates drove Plaintiff, who was in extreme back pain and

sick from what seemed to be withdrawal symptoms, to the Wilmington VAMC in the morning

for labs, then took Plaintiff to Patient Advocate Debbie Casey's office.

32.    Oct 1, 2009 Patient Advocate Debbie Casey contacted Lee Hayward and arranged a

meeting for Plaintiff to address back pain, withdrawal symptoms, and the opioid contract. Two

neighbor associates took Plaintiff to the front waiting area and later Lee Hayward appeared and

took Plaintiff to her office.

33.    Oct 1, 2009 Lee Hayward continually tried to coerce Plaintiff into signing a new opioid

contract claiming that resigning was an annual requirement even after Plaintiff repeatedly

explained to her that the original agreement has not expired, that Tim Eden has breached his

responsibilities set forth within the agreement and that she is complicit with his actions which are

contrary to the terms of the agreement.

34.    Oct 1, 2009 Plaintiff also informed Lee Hayward that Plaintiff has extreme back pain and

6

has what Plaintiff believes are withdrawal symptoms from the abrupt interruption of the medication for Plaintiff's back pain.

35.    Oct 1, 2009 Lee Hayward said there was nothing she could do and escorted Plaintiff to the rear waiting room from where Plaintiff was to be called to see Tim Eden.

36.    Oct 1, 2009 after a few minutes Lee Hayward reappeared and retrieved Plaintiff and said Tim Eden was not going to see Plaintiff and refused to authorize a refill prescription of the pain medication because Plaintiff would not sign a new opioid contract.

37.    Oct 1, 2009 Plaintiff asked what Plaintiff was supposed to do about Plaintiff's back pain and withdrawal symptoms but instead of answering Plaintiff or calling a supervisor to help Plaintiff Lee Hayward escorted Plaintiff out of the Primary Care unit and back to the Plaintiff's two neighbor associates waiting for Plaintiff in the front waiting area.

38.    Oct 1, 2009 "@09:25 vet presented for labs today as had failed to do so after multiple requests. PCP has been unable to prescribe requested med 2/2 noncompliance, no uds and no opiod contract." "SCRIPT TO team RN with new opiod contract for vet sign today." TIMOTHY J EDEN, CRNP (Progressive Notes printed 10/07/09 Page 1)

39.    Oct 1, 2009 Plaintiff's two neighbor associates then took Plaintiff from the front waiting area back to Patient Advocate Debbie Casey's office who acted very respectfully toward Plaintiff.

40.    Oct 1, 2009 Plaintiff informed Debbie Casey that Tim Eden CRNP and NURSE Lee Hayward refused to provide care for Plaintiff and instead insisted that Plaintiff sign a new opioid contract even though NURSE Lee Hayward can not substantiate such a requirement.

41.    Oct 1, 2009 Debbie Casey thought that annual signing of an opioid contract might be

7

required by law but didn't know if it would be state or federal but couldn't find any VA or other internet information on it. Then she thought it might be a VA policy but couldn't find anything on that either.

42.    Oct 1, 2009 Plaintiff informed Debbie Casey that whether the requirement for annual signing of an opioid contract was law or policy that there would be a requirement for it to be posted in the federal register or on a VA web site, etc.

43.    Oct 1, 2009 Debbie Casey made several searches in various locations including VA sites for any information but could not find anything in regards to the alleged requirement for annual signing of an opioid contract.

44.    Oct 1, 2009 Debbie Casey made a phone call and talked with someone while Plaintiff and two neighbor associates were present.

45.    Oct 1, 2009 Plaintiff was asked to talk with the person on the phone so Debbie Casey turned on the speaker and introduced a man she later wrote down his name as Dr. George Tzanis.

46.    Oct 1, 2009 Dr. George Tzanis told Plaintiff that there is a requirement that an opioid contract be resigned annually but he also could not provide any authority and didn't know if the alleged requirement to resign is a federal law or a VA policy, etc.

47.    The Bible is the written word of God. See Public Law 97-280.

48.    "In the beginning God created the heaven and the earth." Genesis 1:1

49.    "In the beginning was the Word, and the Word was with God, and the Word was God." John 1:1

50.    In Matthew 10:10 Jesus the Messiah said "… the workman is worthy of his meat [wage]."

51.    Payment for labor is a substantive legal right that existed before the written laws of the

8

United States of America.

CAUSES OF ACTION

**COUNT 1 - NEGLIGENCE**

52.     Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

53.     The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

54.     The Defendant breached its duty of care to Plaintiff.

55.     At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents, and staff in order to meet its standard of quality care of its patients including Plaintiff. The Defendant knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for Plaintiff that met all applicable legal requirements, that demonstrated the standard and degree of care and skill required of competent health care providers, and was consistent with the expertise that the Defendant presented to the community at large.

56.     The Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents, and staff.

57.     The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents, and staff in order to meet its standards of quality of care of its patients including Plaintiff.

58.     The Defendant breached its duty by negligently retaining incompetent, inexperienced,

9

unqualified and/or inadequately trained operators, administrators, employees, agents, and staff.

59.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious

personal injuries and other damages; Plaintiff was forced to endure pain and suffering and mental

anguish, and will continue to endure mental anguish in the future.

60.     The acts and/or omissions set forth above constitute a claim under the laws of the State of

Delaware and the State of Kentucky.

61.     The Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

**COUNT II - VICARIOUS LIABILITY, RESPONDEAT SUPERIOR,**

**OSTENSIBLE AGENCY AND/OR AGENCY**

62.     Plaintiff realleges and reincorporates each and every allegation above as if fully set forth

herein.

63.     At all times relevant to this Complaint, the directors, officers, operators, administrators,

employees, agents, and staff were employed by and/or acting on behalf of the Defendant.

64.     At all times relevant to this Complaint, the directors, officers, operators, administrators,

employees, agents, and staff acted with their respective capacities and scopes of employment for

the Defendant.

65.     The directors, officers, operators, administrators, employees, agents, and staff negligently

and/or recklessly, directly and proximately caused personal injury to Mr. Plaintiff, including both

acts of omission and acts of commission.

66.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained serious

personal injuries and other damages; Plaintiff was forced to endure pain and suffering and mental

anguish, and will continue to endure mental anguish in the future.

10

67.     The acts and/or omissions set forth above constitute a claim under the laws of the State of Delaware and of the State of Kentucky.

68.     The Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

### COUNT III - BREACH OF CONTRACT

69.     Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

70.     The Defendant breached the Pain Management Agreement when Eden CRNP a party to the contract cut off the medication for Plaintiff's chronic lower back pain condition without valid cause.

71.     The Defendant breached the Pain Management Agreement when Eden CRNP a party to the agreement did not prescribe a taper down pain medication per the terms of the agreement to prevent Plaintiff from needlessly having pain and suffering from being forced into withdrawal by Eden CRNP whom Plaintiff relied on and depended on for his medical care.

72.     The Defendant breached the Pain Management Agreement when Eden CRNP a party to the agreement did not provide any type of medical treatment for Plaintiff while he was going through and suffering from withdrawal which CRNP Eden himself caused Plaintiff to experience.

73.     The Defendant breached the Pain Management Agreement when Eden CRNP a party to the agreement actually refused to see Plaintiff as requested by his Nurse Lee Hayward when Plaintiff suffering from withdrawal was brought to the Wilmington Veterans Affairs Medical Center where Eden CRNP is employed as Plaintiff's primary care provider.

11

74.     The Defendant breached the Pain Management Agreement when Eden CRNP a party to the contract cut off Plaintiff's pain medication, for not signing a "new" opioid contract which was identical to the original signed by Plaintiff which was still valid and binding.

75.     Eden CRNP knowingly committed the acts against Plaintiff his patient not because Eden CRNP was following established VA policy or medical protocol but because Eden CRNP was not trained properly, was not being supervised by the employee(s) charged with such duty including Dr. George Tzanis and because Eden CRNP was intent on forcing his patient to sign papers not required instead of continuing the plan Eden CRNP had established and Plaintiff agreed with for the treatment of Plaintiff's chronic pain.

76.     As a direct and proximate result of Defendant's breach of contract, Plaintiff sustained serious personal injuries and other damages; Plaintiff was forced to endure pain and suffering and mental anguish, and will continue to endure mental anguish in the future.

77.     The acts and/or omissions set forth above constitute a claim under the laws of the State of Delaware and of the State of Kentucky.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff does hereby demand that judgement be entered in his favor and against the Defendant as follows:

1) Pain and suffering and mental anguish.

2) Costs and attorneys fees incurred in this civil action, together with further and additional relief that this Court may deem to be just and proper.

Respectfully submitted,

*Dennis Michael Bohmier*

June 10, 2014

12