**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION -- LEXINGTON**

| | |
|---|---|
| **DENNIS MICHAEL BOHMIER,** | **CIVIL ACTION NO. 5:14-226-KKC** |
|     **Plaintiff,** | |
| **V.** | **MEMORANDUM OPINION AND ORDER** |
| **UNITED STATES OF AMERICA,** | |
|     **Defendant.** | |

      This matter is before the Court on plaintiff Dennis Bohmier's Motion to Reconsider the Court's February 9, 2015 Order (DE 20). For the reasons stated below, the Court will deny Plaintiff's motion.

## I. Background

      This is a Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, case filed by plaintiff Dennis Bohmier against the United States of America. Plaintiff Bohmier alleges "negligence, medical malpractice, and breach of contract" in connection with medical care provided to him at the Wilmington Veterans Affairs Medical Center. (DE 1). Plaintiff filed his *pro se* complaint on June 10, 2014, and the United States answered on August 12, 2014. (DE 1; DE 6). Thereafter, Mr. Bohmier filed a motion to strike the United States' answer (DE 8) and a motion for entry of default against the United States (DE 13). After briefing, the Court issued an Order on February 9, 2015 that denied both of Plaintiff's motions. (DE 18). Mr. Bohmier now asks the Court to amend that Order (1) to grant his motion to strike the Government's answer and (2) to grant his motion for entry of default. (DE 20).

## II. Analysis

      Motions to reconsider are evaluated under the same standard as a motion to alter or amend a judgment under Rule 59(e). *Howard v. Magoffin Co. Bd. of Educ.*, 830 F. Supp. 2d

308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597-98 (6th Cir. 2010)). To succeed, the plaintiff must show one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Reiterating the same arguments he made in his motion to strike, Plaintiff contends that the Government's answer should be stricken because (1) it was untimely and (2) it was defective because he did not receive a separate notice of electronic filing. Plaintiff first argues that it would be a clear error of law to hold that the United States' answer was properly served on him pursuant to Federal Rule of Civil Procedure 5(b)(2)(C) when he did not receive a separate notice of electronic filing. Plaintiff cites no authority for this position, and the Court has been unable to locate any. Therefore, the Court cannot say that its determination that the Government's answer was properly served on Mr. Bohmier was a clear error of law.

In addition, Plaintiff offers what he considers to be "newly discovered evidence" in the form of the declaration of James Rogers, Mr. Bohmier's neighbor, and a statement from a postmaster in Lancaster, Kentucky. (*See* DE 20-1; DE 20-3). Plaintiff asserts that these documents demonstrate that the United States' answer was untimely. To qualify as newly discovered evidence, a fact must have been previously unavailable to plaintiff. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The Court has reviewed and considered the contents of the exhibits attached to Plaintiff's motion for reconsideration. Although the declaration of James Rogers and the postmaster's statement

2

did not technically exist prior to the Court's February 9, 2015 Order, the substantive information contained in those documents was available to Plaintiff prior to the Court's ruling. Thus, these documents do not qualify as new evidence as contemplated by Rule 59(e), and the Court cannot grant relief on this basis.

Finally, Plaintiff argues that the Court should amend its decision that the United States' answer was properly served in order to prevent manifest injustice. As the Court stated in its previous Order, the Court cannot find that Mr. Bohmier was prejudiced by the alleged omission of the notice of electronic filing when he acknowledges that he received the answer itself. (*See* DE 18). Additionally, although Plaintiff argues that the Government's alleged untimely answer prejudiced him by reducing his response time by four days, there is no obligation or time requirement to respond to an answer. Thus, because Plaintiff has not established any of the bases for reconsideration, his motion will be denied.

Even, assuming *arguendo*, that the Government's answer was untimely or deficient, Mr. Bohmier would still not be entitled to a default judgment against the United States. Default judgments against the United States are governed by Rule 55(d) of the Federal Rules of Civil Procedure, which provides that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the Court." Fed. R. Civ. P. 55(d). "Entry of default against the federal government and its officers is particularly disfavored, and it may only occur if the plaintiff substantiates his claim for relief with acceptable evidence." *Spotts v. Hock*, No. CIV. 10-353-GFVT, 2011 WL 5024437, at *1 (E.D. Ky. Oct. 19, 2011).

First, Rule 55(d) was created to prevent a judgment from being entered against the Government because of a procedural default, which is what Plaintiff alleges here. *See Carroll v. Sec'y of Health, Educ. and Welfare*, 470 F.2d 252, 256 (5th Cir. 1972); *Arevalo v.*

3

*United States*, No. MISC. 05-110, 2008 WL 3874795, at *6 (E.D. Pa. Aug. 20, 2008). Indeed, courts have held that a federal defendant's failure to serve a timely answer to a complaint is not a sufficient ground for entry of default against the Government. *See, e.g., George v. Internal Revenue Serv.,* 344 F. App'x 309, 311 (9th Cir. 2009); *Greenbaum v. United States*, 360 F. Supp. 784, 789 (E.D. Pa. 1973).

Second and most significantly, Mr. Bohmier has not substantiated his "claim or right to relief" on the merits by evidence satisfactory to this Court. Fed. R. Civ. P. 55(d). Mr. Bohmier's motion is not supported with any evidence to verify his claims against the United States. *See White v. Stephens*, No. 13-cv-2173-JDT-tmp, 2014 WL 727000, at *2 (W.D. Tenn. Jan. 14, 2014) (denying the plaintiff's motion for default judgment because the plaintiff did provide any evidence to substantiate her claims on the merits against the government defendants); *Spotts*, 2011 WL 5024437, at *2 (noting that "Rule 55(d) requires a party seeking default judgment against federal officers to provide evidence to substantiate his claim on the merits").

## III. Conclusion

For the reasons stated above, **IT IS ORDERED** that Plaintiff's motion to reconsider the Order of February 9, 2015 (DE 20) is **DENIED**.

Dated August 10, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY